CALVIN BUCKNAM *versus* ALEXANDER PERKINS.

So much of R. S., c. 82, § 79, as provided that "parties shall not be witnesses in suits where the cause of action implied an offence against the criminal law on the part of the defendant, unless the defendant first offered himself as a witness, was repealed by Public Laws of 1864, c. 272.

By Public Laws of 1859, c. 102, in the trial of civil actions, the husband and wife of either party shall be deemed competent witnesses, when the wife is called to testify by or with the consent of her husband, and the husband by or with the consent of his wife.

ON EXCEPTIONS.

TRESPASS QUARE CLAUSUM, alleging that the defendant broke and entered the plaintiff's close and set fire to and destroyed his barn and its contents. Trial was in March, 1867.

The testimony of the plaintiff and his wife was admitted against the seasonable objections of the defendant; and the latter thereupon alleged exceptions.

*David Dunn*, for the defendant.

*A. Black*, for the plaintiff.

WALTON, J.—The defendant contends that the plaintiff and his wife were improperly admitted as witnesses, because the plaintiff's declaration charges the defendant with an offence against the criminal law.

That portion of section 79, chapter 82, of the Revised Statutes of 1857, which provides that parties shall not be witnesses when the cause of action implies an offence against the criminal law, unless the defendant first offers himself as a witness, was not in force at the time of the trial of this case. It was repealed in 1864, (chapter 272.)

The plaintiff's wife was properly admitted to testify by force of the Act of 1859, c. 102, which provides that, in the trial of civil actions, the husband and wife of either party shall be deemed competent witnesses, when the wife

is called to testify by or with the consent of her husband, and the husband by or with the consent of his wife.

*Exceptions overruled.*

*Judgment on the verdict.*

APPLETON, C. J., KENT, DANFORTH and TAPLEY, JJ., concurred.